FOLEY, *et al., v.* WHITAKER, *ex'r.*

MORTGAGE.—*Specific Liens, Etc.*—General creditors, in the absence of any fraud of their rights by complainant, will not be allowed, on petition, to be made parties defendants to a bill to enforce a specific lien, created by mortgage, prior to their rights.

APPEALS—*What necessary for.*—To entitle a party to an appeal to this court, there must have been a final decree rendered for or against him in the circuit court.

*Appeal from Chicot Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*Garland & Nash*, for appellants.

The decree in this case is most clearly erroneous, as it was given upon the pleadings, answer replied to, and no proof whatever outside of the pleadings and exhibits. The answer responded directly to the bill, and denied some material averments in the bill, and most assuredly the bill should have been supported by proof. *8 Ark., 290; Sneed v. Town, Ark., 535; 24 Ark., 410; 19 Ib., 166; 13 Ib., 592; 20 Ib., 309.*

Not only this, the answer was made a cross bill, and certain questions propounded to complainant, and new parties made; but all this, it seems, drops out of the case, but at what place is not seen. The decree is, therefore, incomplete in failing to dispose of the whole case, and in not disposing of all the issues upon the pleadings themselves. In truth, there is no decree at all, to the extent of settling the rights of parties, and an order appointing commissioners to sell, etc., was a nullity. *8 Ark., 56; 70 Ib., 333; 17 Ib., 58; 3 Dan'l Chy., p. 1192, 1209–12, (notes); Dubes Eq. Pls., 141, 123.*

Again, Foley, *et al.*, (appellants), asked leave, at April term, 1869, to be made parties to the suit, as creditors, and exhibited their claim in due form by petition, but the court refused this, which was certainly wrong, for, as creditors, they were not only *proper*, but *necessary* parties. *Porter v. Clements, 3 Ark., 364; Barney v. Baltimore City, 6 Wallace, 283, et seq.*

The court erred in refusing these parties an appeal from the decree. *12 Ark., 101.* And this is so under the Code. See *Code, p. 23, sec. 15, 16 et seq.* The decree was final so far as the purposes of an appeal was concerned. *Rose Digest (Title Decree), p. 250–1 (4)*, and the decision of this court in *Hyde, et al., v. William Prinkard, Sur.*, (from Desha) rendered February 11, 1868.

*Bell & Carlton*, for appellee.

The court below properly refused the appellants to be made

parties, and not being parties, they had no right to appeal. See *Code of Practice, sec. 859.*

WILSHIRE, C. J.

This case is presented on a motion to dismiss the appeal.

It appears by the record that this was a proceeding in chancery, in the Chicot circuit court, instituted by the executor of Horace F. Walworth, deceased, against Aaron Goza, Edward P. Johnson, as administrator of Francis Griffin, and also in his own right, and Isabella Johnson and John Griffin, the object of which, it appears, was to foreclose a mortgage executed by Aaron Goza and Francis Griffin, in his life time, to Horace F. Walworth, in his life time, on certain lands, situated in Chicot county, known as the Point Chicot plantation, and certain personal property, to secure the payment of the balance of the purchase money for the mortgaged property, sold by Walworth to Goza and Griffin.

It also appears that the appellant (Foley) was occupying the lands sought to be subjected to the payment of the debt se cured by the mortgage, and was made defendant in the suit of foreclosure.

During the pendency of the cause in the court below, as appears by the transcript, B. F. Foley, and the Canal and Banking Company of New Orleans, for themselves and the other creditors of the estate of Francis Griffin, deceased, presented their petition to the court, praying to be made defendants in the cause, with leave to defend the same, as if they had been made defendants in the original bill of complaint, and asked to be allowed to adopt the answer of the administrator, Ed ward P. Johnson.

The grounds of their petition were substantially as follows: That they were creditors of the deceased, Francis Griffin, own ing and representing large claims duly allowed against his estate: that they have no means of realizing their claims un

7

less the claim of the complainant in this suit is defeated; that the administrator is a non-resident, liable to be removed as such, and the cause left wholly undefended; and that, without his removal, petitioners insisted that they should be parties to the cause and allowed to defend; and that the administrator of Francis Griffin "had made such defense as they should have made had they been parties."

It does not appear, by the transcript, that the creditors were made parties defendants in the court below, as prayed by them. The petition seems to be copied into the transcript without any authority for it. They should not have been parties defendant. The executor of Walworth was, by his bill, attempting to force a specific lien, created by mortgage, and prior to the rights of general creditors; and they should not be allowed, in the absence of any fraud of their rights by the complainant, to hinder, delay or obstruct his right to enforce such lien.

The answer of the administrator of Francis Griffin, deceased, and of Isabella Johnson, John Griffin and Aaron Goza, defendants, admit the execution of the notes and mortgage by Francis Griffin and Aaron Goza to Walworth, but set up several matters in bar of the right of Walworth's executor to collect the note, or enforce the lien upon the property created by the mortgage.

It was the duty of the administrator of Francis Griffin to protect the rights of the creditors of his estate by diligently making all legal and valid defense to the suit of foreclosure, existing. If, as was contended here by the counsel for the appellants, the administrator of Francis Griffin was a non-resident of this State, and unfriendly to the rights and interests of the creditors of his intestate, and would not prosecute an appeal from the decree rendered against him, when there were grounds to believe such an appeal ought to have been prosecuted to protect the interest of the creditors, it was the right of such creditors to apply to the probate court for his removal, and the appointment of a competent and more faithful administrator; and, upon a satisfactory showing of such

neglect of duty, by the administrator, it would be the duty of the probate court to make such removal and appointment.

But it is contended, by counsel for the appellants, that Foley was one of the defendants to the original bill of complaint, and, though the creditors were not entitled to be made defendants to the suit of foreclosure, he can prosecute the appeal from the decree rendered below. To entitle either party to a suit to appeal from the circuit court to this court, there must be a final judgment or decree rendered for or against such party.

There appears to be no decree rendered against B. S. Foley, by the court below. The decree is against F. H. B. Lawrence, assignee of Aaron Goza, in bankruptcy, and Edward P. Johnson, as the administrator of Francis Griffin, deceased, to pay to the complainant a stipulated sum, there found to be due and unpaid, and secured by the mortgage; and a further decree, in default of such payment, that the mortgaged lands be sold at public sale, by commissioners appointed by the court below for that purpose, and named in the decree. There appears, from the transcript, to be no decree or judgment rendered for or against the defendant, Foley, for any amount, not even for costs; and, we think, he made no answer to the bill of complaint. It is true that he asked, in his joint petition with the Canal and Banking Company of New Orleans, to adopt the answer of Edward P. Johnson, as administrator of Griffin, but that was coupled with the proposed admission of new parties defendants, who, we think, from the petition presented by them, should not have been made parties. There being no order of the court allowing the prayer of that petition, appearing in the transcript, it must be treated as being no part of the record.

There appearing to be no decree against Foley, and the other appellants not having been parties in the court below, the motion is sustained and the appeal dismissed.

Judges GREGG and BOWEN, dissenting.