422

C. H. Nolan Lumber Co. et al v.
Mrs. Madie Manning, et al

5-4012                                    407 S. W. 2d 937

Opinion delivered November 14, 1966

*J. Fred Jones* and *B. T. Jackson* and *Paul L. Barnard,* for appellant.

*Bernard Whetstone,* for appellee.

Guy Amsler, Justice. This is a workmen's compensation case in which the commission decided against appellees, which decision was appealed to the circuit court. From an order by the trial court remanding the case to the commission for further development comes this appeal. Appellees suggest that the order remanding the controversy is not final and appealable and we agree.

A brief review of the background facts will serve to focalize the issue. On May 11, 1961, at 7:30 a.m., Roy Manning was driving toward Strong, Arkansas (where he worked for appellant Lumber Co.) in his panel truck.

Some two miles south of Strong he was involved in a head-on collision with another vehicle. Four days later he died as a result of injuries sustained in the incident.

On January 14, 1963, his widow filed a claim for workmen's compensation benefits for herself and two allegedly incompetent adult sons. Appellants resisted the claims by pleading the statute of limitations and alleging that the deceased was traveling from his home to work at the time he was injured and was not on business for his employer.

Following a hearing the referee decided against the widow and in favor of the two sons. On appeal the full commission heard additional testimony and ruled against all the claimants. An appeal was lodged in the Union County Circuit Court on October 25, 1963.

On March 23, 1966, the Circuit Court entered its order remanding the case to the commission for further development of the facts. From that order this appeal comes.

We have had a number of cases involving remanding of workmen's compensation litigation by the trial courts. The first that has been brought to our attention in *Mason* v. *Lauck,* 232 Ark. 891, 340 S. W. 2d 575. This case embraced a motion addressed to the Circuit Court for a remand to the Workmen's Compensation Commission in order that newly discovered evidence might be presented. The trial court when ruling on the remand request also ruled on the merits and affirmed the commission. This of course was a final and appealable order.

The next case is brought to our attention by appellees. *Ward Furniture Mfg. Co.* v. *Reather,* 234 Ark. 151, 350 S. W. 2d 691. In Ward Furniture the trial judge, on his own motion, remanded the case for further development of the medical testimony. In doing so however he spelled out with meticulous care deficiencies in the proof. In this case the appealability of the order was

not questioned (only that it was a second remand) and we expressly reserved ruling on whether such orders were appealable.

A third case of a related nature is *Dednam* v. *Amer. Machine & Foundry Co.*, 235 Ark. 962, 363 S. W. 2d 419. Here the court denied a motion to remand for further proof and movant appealed. Finality of the order was not questioned. The trial court was upheld and we stated the prerequisites for a remand:

> "The 'proper conditions' referred to are, for example, that the movant has exercised due diligence, that the evidence is not cumulative, and that the new evidence would justify a different result."

The authorities generally hold that trial courts have broad discretion in the matter of remanding proceedings from administrative boards and commissions and unless there is an abuse of discretion the court's action will not be disturbed. The remanding tribunal should however set out with particularity the alleged deficiencies. 2 Am. Jur. 2d Administrative Law § 764; 4 C.J.S. Appeal and Error § 152.

The general rule in our state is that appeals lie only when and if there is a final judgment, decree or order. *Foley, et al* v. *Whitaker, Ex'r*, 26 Ark. 95; *Batesville* v. *Ball*, 100 Ark. 496, 140 S. W. 712; *Ark. State Highway Comm.* v. *Ponder, Judge*, 239 Ark. 744, 393 S. W. 2d 870; Ark. Stat. Ann. § 27-2101 (Supp. 1965).

Since the order entered by the trial court in this case is not appealable the appeal should be dismissed and it is so ordered.

HARRIS, C. J., and SMITH, J., dissent.