SAM R. FLOYD v. ARKANSAS STATE BOARD
OF PHARMACY

5-5225                                    451 S. W. 2d 874

Opinion delivered April 6, 1970

*Harper, Young & Smith,* for appellant.

*Warren & Bullion,* for appellees.

CONLEY BYRD, Justice. Appellant Sam R. Floyd was charged by appellee, the Arkansas State Board of Pharmacy, with a violation of Ark. Stat. Ann. § 82-1115(k) (Repl. 1960), and Ark. Stat. Ann. § 82-2107 (Supp. 1969), in that he sold to Mrs. Ethel Draper of Ferndale, Arkansas, thirty tablets of Equanil without a valid prescription and also Dexamyl, a drug covered by the terms of the Arkansas Drug Abuse Control Act, without a valid prescription. The Board found, "[T]hat Sam R. Floyd is guilty of the violation of the pharmacy laws of the State of Arkansas. . . ." and suspended his license to practice pharmacy for sixty days.

A review of the suspension was sought in the circuit court pursuant to the Administrative Procedures Act, Ark. Stat. Ann. § 5-713 (Supp. 1969). The circuit court found that the order of the Board failed to separately set forth its findings of fact and conclusions of law, contrary to the provisions of Ark. Stat. Ann. § 5-710 (Supp. 1969), and remanded the matter to the Board to reduce to writing its findings of fact and of law, specifically stated.

For reversal appellant here contends that the circuit court erred in attempting to remand this cause to the Board to correct its void order. We do not reach the merits of appellant's contention. As we pointed out in *Nolan Lbr. Co. v. Manning,* 241 Ark. 422, 407 S. W. 2d 937 (1966), the circuit court's order of remand for further proceedings is not an appealable order— *i. e.,* it is not a final disposition of the case for purposes of appeal.

The appeal is dismissed.

Jones, J., not participating.

Harris, C. J., and Fogleman, J., dissent.

John A. Fogleman, Justice, dissenting. I respect-fully dissent because I think that the order of the circuit court is appealable. I agree that not every order by a circuit court remanding a case to an administrative agency is appealable. The peculiar circumstances which obtain here make this particular order a final one, in my opinion.

It was stipulated in the circuit court that the scope of review there was controlled by Ark. Stat. Ann. § 5-713(h)(1) through (6) (Supp. 1969). These sections authorized the court to reverse or modify if substantial rights of the petitioner seeking judicial review had been prejudiced because the administrative findings, inferences, conclusions or decisions of the State Pharmacy Board were in violation of constitutional or statutory provisions, were made upon unlawful procedure, or were arbitrary, capricious or characterized by abuse of discretion. The order of the board was attacked upon those grounds in the circuit court.

The Arkansas Administrative Procedure Act, Ark. Stat. Ann. § 5-701—714 (Supp. 1969), governs the proceedings of the State Board of Pharmacy. That act requires the inclusion, and separate statement, of findings of fact and conclusions of law in every final decision of the board. It also requires that findings of fact in statutory language be accompanied by a concise and explicit statement of the underlying facts supporting them. Ark. Stat. Ann. § 5-710(b) (Supp. 1969). The pertinent findings of the board were:

"* * * The Board further finds that Sam R. Floyd is guilty of the violation of the pharmacy laws of the State of Arkansas and that such violation of the pharmacy laws of the State of Arkansas is sufficient to justify the suspension or revocation of

Sam R. Floyd's license to practice pharmacy in the State of Arkansas."

The circuit judge, as a basis for his remand of this case to the State Board of Pharmacy, found that the board's order was "not in conformity with, and it therefore is in violation of, within the meaning of subsection [Ark. Stat. Ann. § 5-713] (h)(1), Art. 5-710 subsection (b), which requires findings of fact and conclusions of law separately stated." He also held that the order on its face stated conclusions only. The circuit judge also found that this deficiency in the order constituted unlawful procedure. Appellant argued that the deficiency rendered the order void and required outright reversal of the board's action rather than remand in order that the board might reduce its findings of fact and law to writing, specifically stated.

As pointed out by the circuit judge, the board proceedings were had under a penal statute. Ark. Stat. Ann. § 72-1040 (Supp. 1969). Deprivation, even temporarily, of the right to engage in an occupation, for which one must be licensed and registered, is certainly penal in nature. The thrust of appellant's argument is that the board's failure to find that there was a "wilful violation" of pharmacy laws by Floyd, as required for suspension by Ark. Stat. Ann. § 72-1040 (Supp. 1969), shows that its action was not based on legal requirements. Appellant also urges that the want of such a finding actually constituted a finding that there was no wilful violation. Thus, says appellant, the order was not only void because it was in excess of the board's authority, it was in violation of appellant's constitutional "due process" rights. Further, argues appellant, because the order is void, it is not now subject to correction, and the circuit court was without power to remand it for curative purposes.

While it may be said that the circuit court's judgment is not final in the sense that it has not yet affirmed or reversed the board action, still it has, so far as that court is concerned, finally foreclosed the argu-

ment made by appellant, *i. e.,* that he is entitled to have the proceedings declared void and his suspension lifted. In this respect the court's judgment is a final disposition of that phase of the case, and as such appealable. In *Parker* v. *Murry,* 221 Ark. 554, 254 S. W. 2d 468, we held that a chancery court's allowance of an intervention was appealable because it finally disposed of a distinct and severable branch of the case, even though the suit was not ended. See also *Davie* v. *Davie,* 52 Ark. 224, 12 S. W. 558; *Flanagan* v. *Drainage District No. 17,* 176 Ark. 31, 2 S. W. 2d 70.

There is another and, in my opinion, more cogent reason why this order is appealable. We have long recognized that a judgment is final and appealable if it, in form or effect, operates to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term. *City of Batesville* v. *Ball,* 100 Ark. 496, 140 S. W. 712; *Johnson* v. *Johnson,* 243 Ark. 656, 421 S. W. 2d 605; *Allred* v. *National Old Line Ins. Co.,* 245 Ark. 893, 435 S. W. 2d 104. It is now beyond the power of any court to restore Floyd to his position at the time of the circuit court hearing, insofar as the objection he has made and now makes to the remand of the proceedings. His position is analagous to that of one who moves for dismissal of a criminal charge because of failure of the state to bring him to trial without the prescribed time or upon the grounds of double jeopardy. In those circumstances, we have said that orders denying such motions are appealable because no order or judgment that any court could have made thereafter would have placed the movant in the position or given him the rights he was entitled to at the time the order was made by the trial court. *Ware* v. *State,* 159 Ark. 540, 252 S. W. 934; *Jones* v. *State,* 230 Ark. 18, 320 S. W. 2d 645. Appellant is in a like position.

I would pass upon the merits of appellant's argument now. I do not agree that the obvious deficiency renders the order void. It is merely not in conformity with the governing statute. That statute authorizes a reviewing court to remand a case for further proceed-

ings. Ark. Stat. Ann. § 5-713(h) (Supp. 1969). The deficiency here is not one relating to the board's jurisdiction. Its proceedings were simply incomplete in that its order was incomplete, for lack of specificity in findings. The drafting and entry of its order of adjudication in any matter before the board is a part of its proceedings. The completion or correction of that order constitutes "further proceedings." We have recognized the broad discretion of trial courts to remand proceedings to administrative boards and to set out particular deficiencies in their proceedings. *C. H. Nolan Lumber Co.* v. *Manning,* 241 Ark. 422, 407 S. W. 2d 937. I would sustain the action of the trial court because it is appropriate whenever an administrative body has made invalid or inadequate findings. See such cases as: *Pennsylvania State Athletic Commission* v. *Bratton,* 177 Pa. Super. 598, 112 A.2d 422 (1955); *Love* v. *Mississippi State Board of Veterinary Exam.,* 230 Miss. 222, 92 So. 2d 463 (1956); *Federal Power Commission* v. *Idaho Power Co.,* 344 U. S. 17, 97 L. Ed. 15, 73 S. Ct. 85 (1952); *Federal Trade Commission* v. *Carter Products, Inc.,* 346 U. S. 327, 98 L. Ed. 4, 74 S. Ct. 2 (1953), vacating order by Court of Appeals which failed to remand order of Federal Trade Commission set aside for failure to accord a fair hearing and directing remand to commission in *Carter Products* v. *Federal Trade Commission,* 201 F.2d 446 (9th Cir. 1953); *Secretary of Agriculture* v. *United States of America,* 347 U. S. 645, 74 S. Ct. 826, 98 L. Ed. 1015 (1953). *Securities and Exchange Commission* v. *Chenery Corp.,* 318 U. S. 80, 87 L. Ed. 626, 63 S. Ct. 454, cited by appellant in support of his argument that the courts cannot uphold or correct board action on findings which might have been made rather than those which were made, also supports remand where the grounds for board action are not clearly disclosed and adequately sustained.

HARRIS, C. J., joins in this dissent.