CHANDLER TRAILER CONVOY, INC. and
NORTHWESTERN NATIONAL INS. CO. *v.*
Linda Sue HENSON

CA 79-1                               585 S.W. 2d 370

Opinion delivered August 8, 1979
and released for publication August 29, 1979

*Laser, Sharp, Haley, Young & Huckabay,* P.A., for appellants.

*Gordon & Gordon,* P.A., for appellee.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court and by that Court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

This is a workers' compensation case resulting from death of an employee due to a heart attack. The Workers' Compensation Commission found that the employee was not acting in the scope of his employment at the time of the heart attack and immediately subsequent death which led to this claim.

Scope of employment was the only issue before the Commission. There was conflicting evidence whether the deceased, a contract-hauler for Chandler Trailer Convoy, Inc., was hauling a mobile home for the benefit of the Company or was engaged in a haul which was contrary to his agreement with the Company and solely for his own benefit. Neither side called as a witness Mr. Carlos Irrirzary who, at the time of the move in question and for a period thereafter, was employed in a management position with the Company. His job was described in the record as "claims man" in charge of "driver personnel." Evidence of his foreknowledge or approval of the move or evidence of the lack of such foreknowledge or approval would have been highly persuasive with respect to the scope of employment issue. Numerous references were made in the testimony of witnesses before the Administrative Law Judge to the fact that Mr. Irrirzary knew of the move, at least after it had taken place. Neither side presented him, despite the fact that the record was left with nothing to show whether he knew or did not know of the move before it was to occur or during its occurrence. Some testimony indicated that Mr. Irrirzary's statements to other witnesses at least implied the Company expected to be paid for the move. No explanation was given by either side for failure to call Mr. Irrirzary. Each side now contends it was the responsibility of the other to call him. Mr. Chandler, president of the Company, testified that Mr. Irrirzary had, the day before the hearing, retired from his employment with the Company and was living at Benton, Arkansas.

The Commission's decision was vacated and set aside on appeal to the Circuit Court, and the case was remanded to the Commission for the purpose of taking the testimony of Carlos Irirzary "and for the development of any further evidence to determine whether the decedent, John Henson, was working within the scope of his employment with the respondent-employer when he suffered a fatal heart attack."

The Company contends the Court's order was improper for various reasons. Appellee contends the Court's order was not appealable, and even if it were found to be appealable, it was not improper.

We need not discuss the propriety of the order remanding the matter to the Commission for further evidence, as we find the order to be not appealable.

In *Nolan Lumber Co.* v. *Manning,* 241 Ark. 422, 407 S.W. 2d 937 (1966), the Arkansas Supreme Court held squarely that such orders are not appealable. That decision has not been overruled,[1] and indeed it has been cited by the Arkansas Supreme Court with approval in *Floyd* v. *Ark. State Board of Pharmacy,* 248 Ark. 459, 451 S.W. 2d 874 (1970).

The Appellants would have us look to the language of the *Nolan Case* which went beyond the holding of non-appealability to discuss the propriety of remanding a case to the Commission for further evidence, and which indicated that if the trial court abused its discretion in remanding a case to an administrative agency, its decision might be reversed. We regard that language as dictum only, in view of the

---

[1]Neither side on this appeal cited *Bridges* v. *Arkansas Motor Coaches, Ltd., Inc.,* 256 Ark. 1054, 511 S.W. 2d 651 (1974), but we feel compelled nonetheless to distinguish that case in which the Arkansas Supreme Court treated an appeal from an order by a circuit court remanding a case to the Transportation Commission for the taking of further evidence as a request for *certiorari* and found the circuit court lacked jurisdiction to order the remand. There the Supreme Court found the trial court's order was a flagrant act in disregard of the procedure for filing a complaint before the Transportation Commission. We find nothing comparable here, as there is no separate procedure by which the evidence sought could be introduced in a way that would benefit this claimant. Thus, even if the Circuit Court's action were found to have been improper, in this case it could hardly be elevated to the level of "jurisdictional impropriety."

clear holding of the *Nolan Case* which is set out in the final two paragraphs of the opinion as follows:

> The general rule in our state is that appeals lie only when and if there is a final judgment, decree or order. (Citations.)

> Since the order entered by the trial court in this case is not appealable the appeal should be dismissed and it is so ordered. 241 Ark. at 424.

We, therefore, affirm the trial judge's order remanding the case to the Workers' Compensation Commission.