Kenneth P. LLOYD *v.* POTLATCH CORPORATION

CA 86-124                                721 S.W.2d 670

Court of Appeals of Arkansas
Division II
Opinion delivered December 17, 1986

*Winston Bryant*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee.

MELVIN MAYFIELD, Judge. This appeal from a decision of the Workers' Compensation Commission has a bizarre procedural history which must be recounted for an understanding of the issues. For convenience, our references to the employer include its liability carrier.

On September 21, 1983, a hearing was held before the administrative law judge at which it was stipulated that the claimant, Kenneth P. Lloyd, had sustained a work-related injury when he was burned over 70% of his body. It was also stipulated that he had been paid temporary total disability benefits until the end of his healing period, January 11, 1981, and that subsequently the employer had voluntarily paid him for 10% permanent partial disability to the body as a whole, based upon the September 16, 1981, report of Dr. Robert Love, and for scheduled injuries of 5% impairment to the right arm and 5% impairment to the left leg, based on the ratings of Dr. Richard A. Knutson made on May 27, 1982.

The claimant contended that he was entitled to more than 10% permanent partial disability to the body as a whole and, after the hearing, the law judge awarded the claimant 15% permanent partial disability to the body as a whole and ordered the employer to pay the additional 5%. That opinion was filed November 23, 1983, and the employer did not appeal from that decision. However, on December 13, 1983, the employer filed, with the law judge, a petition for rehearing stating that one of the office notes in the records of Dr. Knutson, introduced into evidence at the hearing, stated that on June 16, 1983, it appeared the claimant no longer had any impairment to his arm and leg. The petition, therefore, requested that the law judge's opinion be "clarified" to hold that the "claimant no longer has an anatomical disability to his right arm and left leg, but does have an anatomical disability of 15% to the body as a whole." On the same day the petition for rehearing was filed, the law judge entered an order stating that the petition for rehearing "is hereby denied."

On January 3, 1984, claimant's counsel, by letter made a

part of the record, requested that the law judge order the employer to pay the full amount due, stating that this amount was $2,835.00, and explaining that the employer was taking credit for the two scheduled injuries previously paid.

On January 6, 1984, the law judge wrote a letter to the employer's attorney, also made a part of the record, and stated:

> A review of my Award entered November 23, 1983, clearly indicates that the respondents were ordered and directed to pay Workers' Compensation benefits at a rate of $126.00 for 22.5 weeks. No credit for previously paid Workers' Compensation benefits was allowed in that Award. Please advise me if the respondents intend to comply with same.

On January 9, 1984, the employer's attorney replied to the law judge's letter and reiterated that they had previously paid permanent partial disability of 10% to the body as a whole, 5% to the right arm, and 5% to the left leg. Therefore, the letter explained, since the doctor had later reported that the claimant no longer had the arm and leg impairments, the employer took the position that the claimant had already been overpaid. Although the record does not reflect a reply letter from the law judge, there is a letter in the record from the employer to the law judge dated January 17, 1984, which refers to the law judge's letter of January 16 and states "it is clear" that the employer's previous letter was not accepted by the law judge as an adequate response to his letter ordering the employer to make the payments found due. The letter restated the employer's position and said that had it been advised in the order denying its rehearing petition that no credit for benefits previously paid was being allowed, it could have appealed but, since that clarification was not made until the law judge's letter of January 6, 1984, was written, the employer considered that letter to be the final ruling on the petition for rehearing. The letter concludes with a request that the employer be permitted to furnish the law judge with the doctor's report stating claimant no longer has any permanent disability to the arm and leg.

The law judge then issued an order dated January 20, 1984, which stated that the employer had been directed to pay benefits to the claimant for a period of 22.5 weeks at a rate of $126.00 per week, for a total of $2,835.00; that no appeal was taken from that

award; that only $472.50 had been paid on it; and that the sum of $2,362.50 was still due. The employer was directed to pay that amount.

The employer filed an appeal from that order on January 26, 1984, and in an opinion issued September 20, 1984, the full Commission held that the appeal was untimely, stating:

> We agree with claimant's attorney that respondents' appeal is not timely. The decision of the Administrative Law Judge which the Full Commission is actually being asked to review is the decision of November 23, 1983. Absent the filing of a ". . . petition in writing for a review by the Full Commission . . .", that decision became final upon the expiration of thirty (30) days from the date it was received by respondents. Ark. Stat. Ann. § 81-1325(a). See also, *Cooper Industrial Products* v. *Meadows*, 5 Ark. App. 205, 634 S.W.2d 400 (1982).

The Commission noted that the employer had filed a petition for rehearing on December 13, 1983, within thirty days of the decision, but held that this did not extend its appeal time. Citing *Cooper Industrial Products* v. *Meadows, supra,* the Commission stated that "there is apparently no rehearing procedure at all before an Administrative Law Judge." Further, the Commission held: "With respect to the [law judge's] order of January 20, 1984, from which respondents are attempting to appeal, we hold that that order cannot be used as a vehicle by which to obtain review before the Full Commission of a matter which was, or should have been, decided by the Administrative Law Judge in his November 23, 1983, opinion." Nevertheless, the Commission then remanded the case to the law judge for further consideration of the matter of whether the employer should have been given credit for compensation already paid. The Commission reasoned:

> We do have great concern, however, that respondents have never been able to obtain a definitive ruling specifically addressing the issue of whether they are entitled to a credit for the previously paid scheduled injury impairment ratings, which respondents now say no longer exist. This substantive issue deserves development and decision at the Administrative Law Judge level. It involves serious and important questions of fact and law. Therefore, we are

going to treat respondents' notice of appeal filed on January 26, 1984, as a petition for modification of the Administrative Law Judge's November 23, 1983, award based upon the alleged change in the claimant's physical condition pursuant to Ark. Stat. Ann. § 81-1326.

Upon remand, the law judge added to the record the correspondence with the parties' attorneys through March 14, 1985, and a report from Dr. Rex Easter, who had examined claimant at the request of the law judge. Attached to a letter for the employer dated September 25, 1984, was a report from Dr. Richard A. Knutson, dated January 12, 1984, which stated that when the claimant was last seen, on June 16, 1983, he did not appear to have any permanent impairment relative to either the knees or the ulnar palsy [arm], although the report also stated it was not "accurate to dismiss potential future problems secondary to the [claimant's] gout or superimposed on the patient's previous knee injury which may yet give him a definitely ratable condition." Dr. Easter's report stated he had examined claimant on October 24, 1984, and that claimant was very lucky to have recovered from such a severe burn with no "functional impairment."

The law judge in an opinion issued May 29, 1985, held, as he had before, that the employer was liable to claimant for an additional 18.75 weeks of benefits [22.5 weeks awarded previously minus 3.75 weeks the employer had paid] at a rate of $126.00 per week for a total of $2,362.50. To this was added a penalty of $472.50. Citing Ark. Stat. Ann. § 81-1319(m) (Repl. 1976), which allows credit for advance payments of compensation, he also held that the employer was not entitled to credit for payments previously made for the scheduled injuries to the leg and arm because they were not advance payments of compensation within the meaning of the statute.

On appeal, the full Commission reversed the law judge by an order filed on December 18, 1985. The Commission reasoned as follows:

> The Full Commission has already acknowledged that the first appeal before it was untimely. However, we also found that because the Law Judge had failed to address important substantive issues, an order of remand was

necessary in order that he do so. In his subsequent opinion the Law Judge specifically found the respondents not entitled to a credit for the 18.75 weeks of scheduled benefits they had already paid. The Law Judge cited in support of his position Ark. Stat. Ann. § 81-1319(m) and found the benefits paid were not "advanced payments of compensation" within the meaning of the statute.

After a *de novo* review of the record and the evidence contained therein, we must conclude that the Law Judge erred in treating this case as one involving a credit and further erred in failing to find the award to the claimant has been satisfied by the respondents. While admittedly these payments were payments for *scheduled injuries*, the inescapable fact remains that these were payments of compensation. To hold otherwise, we find, would result in both an unjust and an inequitable situation and would be a disincentive for employers to voluntarily go forward and pay benefits on a claim as was done previous to the hearing in this case.

. . . .

We find the controlling question in this case is whether or not the respondents have satisfied their obligation to the claimant for permanent partial disability benefits. At no time has the claimant been awarded permanent partial disability benefits in excess of a rating of fifteen percent to the body as a whole. Such a rating equals 67.5 weeks of compensation benefits under any basis of mathematical calculation. The respondents *have paid* 67.5 weeks of compensation benefits. Since the Administrative Law Judge did not modify the award in such a way as to find the claimant's permanent partial disability to be in excess of fifteen percent to the body as a whole, there is no justification for holding the respondents liable for an additional 22.5 weeks of benefits.

As we have found the respondents have fully complied with the award set out in the Law Judge's initial order, we also hold that the penalty imposed upon the respondents is error and must be reversed. (Emphasis in the original.)

Commissioner Farrar dissented.

We find that this decision must be reversed. In simple fact, the Commission's decision of December 18, 1985, has reversed a law judge's decision made on November 23, 1983, and this has been accomplished despite the fact that the Commission's order of September 20, 1984, remanding the case to the law judge, acknowledged that the law judge's decision had not been timely appealed to the Commission. Furthermore, the Commission's order of remand recognized that there was no procedure for rehearing before a law judge and specifically stated that appeal from denial of a petition for such a rehearing could not be used as a vehicle to obtain review of a law judge's decision which had not been timely appealed. But, the Commission, by renaming the appeal and calling it a "petition for modification" allowed the employer to do exactly what the Commission said the employer could not do.

The Commission's order of remand was wrong for two reasons. The Commission said that the notice of appeal was being treated as a petition for modification based "upon an alleged change in the claimant's physical condition pursuant to Ark. Stat. Ann. § 81-1326." However, the record clearly shows that there had been no change in the claimant's physical condition since the law judge's decision of November 23, 1983. Not only had no such change occurred, the employer had never alleged that such a change had occurred *after* the November 23 decision. Indeed, the alleged change in physical condition was called to the law judge's attention by the employer at the hearing on September 21, 1983. Thus, the employer could not contend that it was entitled to a modification of the law judge's decision pursuant to Ark. Stat. Ann. § 81-1326 (Repl. 1976). That section is clearly not involved under the facts of this case, and the Commission erred in remanding to the law judge under the provisions of that statute.

The employer does argue, however, that it was entitled to obtain a "clarification" of the law judge's decision of November 23, 1983, and when this was done by the law judge's order of January 20, 1984, a timely appeal was filed from that order. However, in our case of *Cooper Industrial Products* v. *Meadows*, 5 Ark. App. 205, 634 S.W.2d 400 (1982), there had not been a timely appeal from the law judge's decision, appar-

ently because the law judge had indicated he would reconsider his decision based upon receipt of some clarifying medical information. We said our Workers' Compensation Law does not provide for rehearing or reconsideration procedures and that the law judge did not have the authority or power to make the assurance that he would reconsider his order, "at least after" the thirty-day appeal period had expired. We have never deviated from that position, although in *Smith* v. *Servomation*, 8 Ark. App. 274, 651 S.W.2d 118 (1983), we did explain that this court's decision in *Walker* v. *J & J Pest Control*, 270 Ark. 941, 606 S.W.2d 597 (Ark. App. 1980), held that the Commission had authority to consider a motion for rehearing that was filed *within* the thirty-day period for appeal.

◼ In the present case, the employer did file a petition for rehearing within thirty days of the law judge's decision of November 23, 1983. But that petition was denied on December 13, 1983, and no appeal was filed within thirty days of that date. Our decision that no timely appeal was filed in this case is not changed by the fact that the law judge subsequently, at the claimant's request, filed an order, from which an appeal was filed within thirty days, directing the employer to pay the amount found due by the law judge's original decision. The full Commission recognized, in its September 20, 1984, order of remand that it was "actually being asked to review" the law judge's decision of November 23, 1983, and we agree. The Commission, however, erred in remanding the matter to the law judge as there was no timely appeal from the law judge's decision of November 23, 1983, or from his denial of the petition for rehearing of that decision.

In the *Cooper Industrial Products* v. *Meadows* case, *supra*, the employee argued that we should take a more liberal view on the timely appeal matter. We declined to do so because the time for appeal was a legislative matter. We also rejected the theory upon which the Commission had remanded to the law judge in that case. The Commission had applied an estoppel theory because it said the evidence showed that the employee would have filed a timely appeal if the law judge had not indicated that he would reconsider his award upon receipt of clarifying medical information. Although we expressed "great sympathy" for the employee, we said the law judge and the Commission lost

jurisdiction after the employee failed to file an appeal within thirty days after the law judge's original decision was filed. We rejected a similar argument made by the employee in *Smith* v. *Servomation, supra*. In the present case, it is the employer who wants relief from the failure to file a timely appeal. We must, however, reject this request also.

The employer also argues that the *claimant* cannot appeal from the Commission's last decision, filed on December 18, 1985, because *he* failed to appeal from the Commission's remand to the law judge entered on September 20, 1984. It is sufficient to say that we do not think the Commission's remand order of September 20, 1984, was an appealable order. Therefore, it was perfectly proper for the claimant to raise that issue in his appeal from the Commission's decision of December 18, 1985. The *Cooper Industrial Products* v. *Meadows* case, *supra*, aptly demonstrates this point. That was the second appeal of that case. In the first appeal, *Cooper Industrial Products* v. *Meadows*, 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980), the employer attempted to appeal from the Commission's remand to the law judge, made for the purpose of taking additional evidence. This court said the remand order was not a final order, and hence not appealable. Then in the second appeal to this court, we reviewed the question of whether the law judge had the authority to consider the additional evidence and to amend his original order which had not been timely appealed, and we held that the law judge did not have such authority.

It is the general rule that orders of remand are not final, appealable orders. *Floyd* v. *Ark. State Board of Pharmacy*, 248 Ark. 459, 451 S.W.2d 874 (1970) (remand by circuit court for Board to reduce its findings to writing); *Nolan Lumber Co.* v. *Manning*, 241 Ark. 422, 407 S.W.2d 937 (1966) (remand by circuit court to Workers' Compensation Commission for "further development"); *Chandler Trailer Convoy* v. *Henson*, 266 Ark. 760, 585 S.W.2d 370 (Ark. App. 1979) (remand by circuit court to Workers' Compensation Commission for the purpose of taking the testimony of a certain witness and "development of any further evidence to determine" whether the employee was within his scope of employment when he suffered a fatal heart attack). The employer in this present case argues, however, that the mere fact that a remand is ordered does not mean there is no appealable

order if there is a ruling on the merits prior to making the remand. The case of *Bibler Brothers, Inc.* v. *Ingram*, 266 Ark. 969, 587 S.W.2d 841 (Ark. App. 1979), is cited in support of this position. But in that case the circuit court found that the claimant's healing period had not ended, reversed the award of 30% permanent partial disability made by the Workers' Compensation Commission, and found that the claimant could be further healed by entering a therapeutic work program "which the court had personally investigated and found to be available and suitable." The appellate court did reverse the circuit court and order it to reinstate the Commission's decision since the rule that an order of remand is not a final and reviewable order was not applicable because:

> In this case, the Commission order has been reversed and the Commission has no latitude to make further determination of the crucial question whether the healing period has ended. The court substituted its own factual determination and legal conclusion, and that is a final order.

266 Ark. at 973-74.

■■ However, this is not the situation in the instant case. Here, the Commission's remand of September 20, 1984, was not a final, appealable order. It was a remand for "clarification" or for "modification" of the law judge's decision. No final order was involved. The final order in this case is the one made by the full Commission on December 18, 1985. We are today reviewing that order and it is reversed because we hold the Commission erred in remanding this matter to the law judge on September 20, 1984, and because there was no timely appeal from the law judge's decision of November 23, 1983, or from his December 13, 1983, denial of the employer's petition for rehearing of the November 23 decision. The timely filing of a notice of appeal is jurisdictional and should be raised by the court even if the parties do not raise it. *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). Here, however, the question was raised before the full Commission in its first hearing which resulted in its September 20, 1984, decision to remand, and again in the last hearing before the full Commission which resulted in its December 18, 1985, order now before this court.

Therefore, we reverse the Commission's order of December

18, 1985, and remand this matter to the Commission with directions to reinstate the law judge's opinion of November 23, 1983, in which he directed the employer to pay the claimant "Workers' Compensation benefits at a rate of $126.00 for 22.5 weeks which represents the additional five percent (5%) permanent partial disability herein awarded," and which also directed the employer to pay "to the claimant's attorney the maximum attorney's fee as allowed by the Arkansas Law on this Award." Before the remand, the law judge held, in his order of January 20, 1984, that the employer had paid $472.50 on the award of November 23, 1983, and we hold that the employer does not have to pay that amount twice. *Whether* the award of January 20, 1984, in fact *had been* paid was not foreclosed by the failure to appeal from that award, but *whether* the award *had to be* paid was foreclosed by the failure to appeal from the law judge's decision making that award.

Reversed and remanded.

CLONINGER and CORBIN, JJ., agree.