

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–149

| | |
|---|---|
| DENISE OLDENBERG, M.D. | **Opinion Delivered** October 23, 2013 |
| APPELLANT | APPEAL FROM THE SHARP |
| V. | COUNTY CIRCUIT COURT |
| | [NO. CV-10-303, CV-10-323] |
| ARKANSAS STATE MEDICAL BOARD | HONORABLE KEVIN KING, JUDGE |
| APPELLEE | APPEAL DISMISSED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Denise Oldenberg, M.D., appeals from a decision of the Sharp County Circuit Court affirming in part and remanding in part the decision of the Arkansas State Medical Board ("Board") to revoke her license to practice medicine. Because we lack a final, appealable order, we must dismiss her appeal.

The Board entered an emergency order of suspension and notice of hearing on May 4, 2010, charging Dr. Oldenberg with multiple violations of the Board's regulations regarding the prescribing of controlled substances. Following a hearing, the Board and Dr. Oldenberg entered into a consent order in June 2010 wherein she agreed to refrain from prescribing Schedule 2 medications and performing facet injections, among other things.

On September 13 and September 28, 2010, the Board issued amendments to its emergency order of suspension and notice of hearing, alleging that Dr. Oldenberg prescribed Schedule 2 medications in violation of the consent order. The Board set a hearing for

SLIP OPINION

October 8, 2010, to determine whether Dr. Oldenberg had violated the consent order and whether her license to practice medicine should be revoked or suspended.

The Board entered an order on October 21, 2010, finding that Dr. Oldenberg exhibited "gross negligence and ignorant malpractice" in the manner in which she administered facet injections to her patients. The Board further found that Dr. Oldenberg violated the Medical Practices Act by violating the Board's Regulation 2.4, Regulation 2.6, and Regulation 21. Each of these regulation violations pertained to Dr. Oldenberg's practice of prescribing medication or keeping adequate records. The Board also concluded that she violated the previous consent order by continuing to prescribe Schedule 2 medications.

For Dr. Oldenberg's regulation violations, the Board ordered various sanctions, including forfeiture of her Drug Enforcement Administration permit, suspension of her license, and reimbursement to the Board for the costs of the investigation and hearing. For her violation of the Medical Practices Act and the Board's previous consent order, the Board revoked Dr. Oldenberg's license to practice medicine.

Dr. Oldenberg filed a timely petition for review in circuit court, alleging that the Board's actions were arbitrary and capricious. She also alleged that she was not given sufficient time and opportunity to respond to the Board's allegations prior to the October 8 hearing. Dr. Oldenberg also filed a complaint for declaratory judgment. In that complaint, she alleged that the Board's practice of using the same attorney to give the Board legal advice and to prosecute individuals before the Board created a conflict of interest, and she asked the court to declare that practice unconstitutional.

SLIP OPINION

The circuit court affirmed the Board's findings as they related to the original emergency order of suspension issued on May 4, 2010. The court found, however, that Dr. Oldenberg was not given sufficient time to prepare a defense between the September 13 and September 28, 2010 amended emergency orders and the October 8, 2010 hearing.[1] The court therefore

> ORDERED and ADJUDGED that the allegations as contained in the Amendment to the Emergency Order of Suspension and Notice of hearing dated September 13, 2010, and September 28, 2010, will be remanded to the Arkansas State Medical Board to schedule a disciplinary hearing for Denise Oldenberg, M.D., for such Findings and Orders as the Board may enter.

Dr. Oldenberg filed a timely notice of appeal from the court's order.

We must dismiss Dr. Oldenberg's appeal because no final, appealable order has yet been entered. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Blackman v. Glidewell*, 2011 Ark. 23; *Liberty Life Ins. Co. v. McQueen*, 364 Ark. 367, 219 S.W.3d 172 (2005). By contrast, an order that contemplates further action by a party or the court is not a final, appealable order. *Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002). Even though the issue decided might be an important one, an appeal will be premature if the decision does

---

[1] The court also entered an order denying Dr. Oldenberg's complaint for declaratory judgment.

not, from a practical standpoint, conclude the merits of the case. *See Farrell v. Farrell*, 359 Ark. 1, 193 S.W.3d 734 (2004).

It is the general rule that orders of remand are not final, appealable orders. *Lloyd v. Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986). In *Floyd v. Arkansas State Board of Pharmacy*, 248 Ark. 459, 451 S.W.2d 874 (1970), the State Board of Pharmacy found that appellant Floyd had violated the state's pharmacy laws and suspended his license for sixty days. Floyd appealed the Board's decision to circuit court, and the court found that the Board's order failed to separately set out its findings of facts and conclusions of law. The circuit court therefore remanded the matter to the Board to reduce its findings to writing. Floyd appealed, arguing that the circuit court erred in remanding to the Board to correct its order. The supreme court, however, dismissed the appeal, holding that "the circuit court's order of remand for further proceedings is not an appealable order—i.e., it is not a final disposition of the case for purposes of appeal." *Floyd*, 248 Ark. at 460, 451 S.W.2d at 875.[2]

Here, the circuit court's order remanded the matter to the Board to schedule a disciplinary hearing to address the allegations contained in the September 13 and 28 amendments to the emergency order of suspension. This clearly contemplates further action

---

[2]Dr. Oldenberg acknowledges that the court's order remands the matter to the Board. She suggests that "the net effect of the 'remand' would be to permit the Board to reschedule the second hearing issues, and in practice amounts to a dismissal without prejudice to an additional proceeding." She cites no authority in support of this notion, however, and in light of the supreme court's decision in *Floyd*, *supra*, her argument is without merit.



by the parties and is thus not a final, appealable order. Dr. Oldenberg's appeal must therefore be dismissed.

Appeal dismissed.

HARRISON and GRUBER, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*Hope, Trice, O'Dwyer & Wilson, P.A.*, by: *Kevin M. O'Dwyer*, for appellee.