Cite as 2026 Ark. App. 102

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-24-773

| | |
|---|---|
| ARKANSAS TOWING & RECOVERY BOARD<br><br>APPELLANT<br><br>V.<br><br>A-1 RECOVERY TOWING OF NORTH LITTLE ROCK<br><br>APPELLEE | Opinion Delivered February 18, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60CV-23-6045]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**BART F. VIRDEN, Judge**

Following a disciplinary hearing, appellant Arkansas Towing & Recovery Board ruled that appellee A-1 Recovery Towing of North Little Rock, owned by Terry Wyatt, had charged an excessive or unnecessary fee for the unlawful towing and storage of a semi-truck and trailer owned by Paul Nathan. A-1 appealed to the Pulaski County Circuit Court, which remanded the matter for a new administrative hearing and ordered that a board member recuse himself from that hearing because the circuit court found that the Board's decision was affected by other error or law and that the administrative procedure had denied A-1 due process of law. The Board now appeals from the circuit court's order and argues that its findings are based on arguments that were not raised at the administrative hearing before the agency. We dismiss without prejudice for lack of a final, appealable order.

## I.  *Procedural History*

A-1 towed Nathan's semi-truck and trailer from a parking lot on MacArthur Drive in North Little Rock and charged him $3,093.38 for the towing and storage for four days. Nathan filed a small-claims complaint against A-1 in North Little Rock District Court. At a hearing in district court, the small-claims matter was continued until after Nathan pursued a complaint he planned to file against A-1 with the Arkansas Towing & Recovery Board. Later, Nathan filed a complaint with the Board and attached, among other things, his small-claims complaint against A-1.

At the conclusion of the administrative hearing, the Board found that the fee A-1 had charged Nathan was excessive because the tow was unlawful. The Board concluded that A-1 had violated Arkansas Code Annotated section 27-50-1203(e)(1)(D)[1] and Board Rule 4.9.[2] The Board ordered A-1 to refund Nathan's money and to pay a fine of $3,500 as a result of the violations and its disciplinary history with the Board. A-1 filed with the Board a petition for reconsideration or rehearing and filed with the circuit court a petition for judicial review and a stay of the agency's decision.

---

[1]The Board shall promulgate rules to carry out the intent of this subchapter and shall regulate the towing industry and vehicle immobilization service industry, including determining and sanctioning excessive or unnecessary fees charged to consumers related to nonconsent towing, recovery, storage, or vehicle immobilization services. Ark. Code Ann. § 27-50-1203(e)(1)(D) (Supp. 2025).

[2]*See* 235.20.1-4 Ark. Admin. Code § 4.9 (WL current through July 15, 2025).

The circuit court may affirm the decision of the agency or remand the case for further proceedings. Ark. Code Ann. § 25-15-212(h) (Repl. 2024). It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h).

At the hearing before the circuit court, A-1's counsel argued the following:

After the Agency hearing on June 20th of 2023, Respondent's counsel became aware that one of the Board members at the June hearing, Mr. Tom Brown, was personally involved in Mr. Nathan's Small Claims Court case and served as a bailiff in that hearing. And had a conversation in front of Mr. Nathan and the Respondent with the judge in that case discussing the [Towing & Recovery Board] venue and the remedies that were available. At no time did Mr. Brown disclose the fact that he was involved in that hearing, nor did he recuse himself at the June 20th hearing. The fact that Mr. Brown was personally involved in the Small Claims Court case, violates the [Administrative Procedure Act] as set forth in Arkansas Code 25-15-209.[3]

---

[3]Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make final or proposed findings of fact or conclusions of law in any case of adjudication shall not communicate, directly or indirectly, in connection with any issue of fact with any person or party nor, in connection with any issue of law, with any party or his or her representative, except upon notice and opportunity for all parties to participate. Ark. Code Ann. § 25-15-209(a) (Repl. 2024).

3

The circuit court entered an order finding that the agency's decision was affected by other error or law and that the administrative procedure had denied A-1 due process of law. The circuit court found, "Specifically, Tom Brown of the Towing & Recovery Board should have disclosed that he served as bailiff in Paul Nathan's Small Claim Court case against Petitioner, and he should have recused." The circuit court went on to say that "[t]he onus of judicial and administrative proceedings is one rooted in fairness and the appearance of fairness, neither of which was present in this case."

The Board brought this appeal from the circuit court's decision.

## II. *Finality*

A circuit court's order of remand to an administrative agency for further proceedings is not a final, appealable order. *Olwan v. Ark. Tobacco Control Bd.*, 2020 Ark. App. 201 (dismissing appeal of circuit court's order remanding for two new hearings as not final). The supreme court explained that an order to remand is not final and appealable if it directs the agency to complete a step that is a predicate to the circuit court reaching its ultimate decision. *Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC*, 2018 Ark. 224, 549 S.W.3d 901. The supreme court said that, when this occurs, the circuit court's order contemplates the agency completing the task and the case returning to it for a final decision. *Id.* In *Oldenberg v. Arkansas State Medical Board*, 2013 Ark. App. 599, we held that the circuit court's order remanding a matter to the Board to schedule a disciplinary hearing to address allegations contained in amendments to an emergency order of suspension clearly contemplated further action by the parties and was not a final, appealable order. *Id.* at 4–5.

4

The supreme court in *Naturalis, supra*, concluded that the circuit court's order *was* final in that it nullified the Medical Marijuana Commission's decision and remanded to restart the licensing-selection process, i.e., the circuit court had ruled on the merits. Here, however, the circuit court's order was not a ruling on the merits; rather, it was a decision on an incidental matter—the recusal of a Board member to avoid the appearance of bias and provide an objectively fair hearing. *See, e.g., Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 94 (1994) (holding that the Commission's order of remand, which neither awarded nor denied compensation, was a decision on an incidental matter and was thus not final and appealable).

Dismissed without prejudice.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Tim Griffin*, Att'y Gen., by: *Juliane Chavis*, Sr. Ass't Att'y Gen., for appellant.

*Barber Law Firm PLLC*, by: *D. Reece Owens* and *Meghan Lovett*, for appellee.