KENNETH S. HIXSON, Judge
Appellant Denise Oldenberg McCormick, M.D. (McCormick), appeals from a decision of the Baxter County Circuit Court affirming two orders of the Arkansas State Medical Board (Board) that revoked her license to practice medicine. McCormick raises four arguments for reversal. First, she argues that the circuit court erred in concluding that some of the issues were barred by res judicata. McCormick's second and third arguments are interrelated. Under point three, she argues that there was a conflict of interest because counsel for the Board also served in the role of prosecutor in the disciplinary proceedings before the Board. Under point two, she argues that the circuit court erred in finding that she waived this issue by failing to appear at the hearing before the Board. McCormick's remaining argument is that the Board acted beyond the scope of its authority by issuing emergency orders under the Arkansas Medical Practices Act without any findings based on substantive evidence of threat to public health, safety, or welfare. We affirm.
Judicial review of the Board's decision is governed by the Administrative Procedure Act (APA), which provides in part:
The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusion, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the agency's statutory authority;
(3) Made upon unlawful procedure;
(4) Affected by other error or law;
(5) Not supported by substantial evidence of record; or
(6) Arbitrary, capricious, or characterized by abuse of discretion.
Ark. Code Ann. § 25-15-212(h) (Repl. 2014).
On appeal, an appellate court's review is directed, not toward the circuit court's order, but toward the order of the agency, because we have held that administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. Voltage Vehicles v. Ark. Motor Vehicle Comm'n , 2012 Ark. 386, 424 S.W.3d 281. Our review of administrative decisions, however, is limited in scope. Id. When reviewing such decisions, we uphold them pursuant to the APA if they are supported by substantial evidence and are *778 not arbitrary, capricious, or characterized by an abuse of discretion. Id.
Facts and Procedural History
McCormick received her medical license in 1988. Complaints against McCormick and her extensive history with the Board go back to 1991. In 2008, in unrelated proceedings, McCormick was ordered by the Board to provide monthly reports of all scheduled drug prescriptions and refills that she authorized for her patients' use. The present proceedings commenced on May 4, 2010, when the Board entered an Emergency Order of Suspension charging McCormick[1] with multiple violations of the Board's regulations and orders, to-wit:
• Violating the July 7, 2008, order of the Board to provide monthly prescription reports;
• Violating Regulation 2.4 by prescribing excessive amounts of controlled substances;
• Violating Regulation 2.6 by prescribing schedule medications for pain without keeping proper records and monitoring of patients;
• Violating Regulation 7 by prescribing schedule 2 amphetamines and methamphetamines for Attention Deficit Disorder without obtaining the required second opinion;
• Violating Regulation 21 by prescribing schedule 3 and 4 controlled substances for obesity and weight loss without following the required guidelines;
• Committing gross negligence and ignorant malpractice in the manner in which she performed facet injections and sciatic nerve injections.
The Emergency Order documented thirty-four patient studies in support of the charges against McCormick. The emergency order concluded with a finding that "the acts of Denise Oldenberg [McCormick], MD, described hereinabove, present a danger to the public health, safetyand welfare, and therefore, the license to practice medicine in the State of Arkansas of Denise Oldenberg [McCormick], M.D., is suspended on an emergency basis pending a disciplinary hearing in this matter or further Orders of this Board. " (Emphasis added.) The disciplinary hearing was set for August 2010.
Prior to the August 2010 disciplinary hearing, McCormick and her attorney appeared before the Board on June 3, 2010. At the conclusion of this meeting, McCormick and the Board entered into a Consent Order pending final resolution of the alleged complaints at the scheduled August 2010 disciplinary hearing. In the Consent Order, the Board agreed to temporarily lift the suspension of McCormick's license and permit her to return to the practice of medicine under certain restrictions, to wit:
• Not prescribe any schedule 2 medications;
• Not accept any new patients;
• Not utilize any sciatic-nerve injections or facet injections;
• Not treat patients for obesity or weight loss, and not prescribe any schedule medication for weight loss;
• Submit to ongoing monitoring of her prescribing practices.
The Consent Order concluded by stating that the above restrictions would continue in full force and effect pending further orders of the Board or the conclusion of the [August 2010] disciplinary hearing.
Shortly thereafter, it came to the Board's attention that on July 10 and 14, *779 2010[2] , McCormick prescribed schedule 2 medications for some of her patients in apparent violation of the June 3, 2010, Consent Order. Thereafter, on September 13, 2010, the Board issued the First Amendment to the May 4, 2010, Emergency Order[3] , and on September 28, 2010, the Board issued the Second Amendment to the May 4, 2010 Emergency Order.[4] These two amendments alleged that McCormick violated the June 3, 2010, Consent Order by prescribing schedule 2 medications. The First and Second Amendments concluded by again suspending McCormick's medical license pending a disciplinary hearing. The disciplinary hearing for the original May 4, 2010, Emergency Order had been rescheduled for October 8, 2010. Therefore, the Board added the hearing on the allegations set forth in the First and Second Amendments to the October 8 disciplinary-hearing agenda. In effect, that setting only gave McCormick approximately ten days to prepare a defense to the separate allegations in the First and Second Amendments.
On October 8 and 9, 2010, the Board held a hearing. The scope of the hearing was the alleged violations contained in the original May 4, 2010, Emergency Order, and the separate alleged violations in the September 13, 2010, First Amendment and the September 28, 2010, Second Amendment.[5] Prior to the hearing, McCormick submitted a motion to dismiss, a motion to disqualify expert witness Gary Moffett, a motion to disqualify the members of the Board, and a motion to disqualify William Trice as the attorney representing the Board. Each of these motions was denied and the hearing proceeded.
On October 19, 2010, the Board entered its order. The Board made the following pertinent findings with respect to the original May 4, 2010, Emergency Order, to wit:
• That McCormick violated the 2008 agreement to provide monthly prescription reports;
• That McCormick exhibited gross negligence and ignorant malpractice in the manner in which she administered facet injections;
• That McCormick violated Regulation 2.4 for prescribing excessive medications to all patients as set forth in Counts IV-XXXVIII in the original May 4, 2010, Emergency Order;
• That McCormick violated Regulation 2.6 by prescribing schedule medications for pain for patients not associated with malignancy and failing to maintain adequate records;
• That McCormick violated Regulation 21 by prescribing schedule medication for obesity and weight loss outside the appropriate medical guidelines.
The Board made the following findings with respect to the First Amendment and the Second Amendment to the May 4, 2010, Emergency Order, to wit:
*780 • That McCormick entered into a Consent Order on June 3, 2010, wherein she agreed not to prescribe schedule 2 medications;
• That McCormick violated the Consent Order on July 14, 2010, by prescribing schedule 2 medications for patients.
The Board entered the following pertinent sanctions to McCormick:
• Cease and desist from performing any facet injections, and the Board issued a reprimand therefor;
• As a result of prescribing excessive prescriptions, McCormick is prohibited from prescribing any schedule medications and will permanently forfeit her DEA permit and that, as a further sanction, McCormick's license to practice medicine will be suspended for six months;
• As a result of prescribing schedule 3 and 4 controlled substances for obesity without following the appropriate guidelines, McCormick shall refrain from prescribing medication, forfeit her DEA permit, and McCormick's license to practice medicine is suspended for a period of one year to run concurrent to the previous six-month suspension;
• As a result of McCormick's violation of the July 7, 2008, Order of the Board, by failing to provide monthly reports of her prescriptions, the medical license of McCormick is revoked;
• As a result of McCormick's violation of the June 3, 2010, Consent Order, the medical license of McCormick is revoked.
As allowed by the APA, McCormick appealed the October 19, 2010, order to the Sharp County Circuit Court, alleging that the Board's actions were arbitrary and capricious, and also alleging that she was given insufficient time to prepare a defense before the October 8 and 9 hearing. McCormick requested a stay on implementation of the Board's order pending appeal in the circuit court. On November 24, 2010, the Sharp County Circuit Court issued a stay of the Board's October 19, 2010, order in all respects with the exception of the provision prohibiting McCormick from prescribing schedule medication under the DEA permit, which remained in effect pending review.
The Sharp County Circuit Court appeal was progressing through the remainder of 2010 and 2011, and McCormick was apparently practicing medicine per the terms of the stay order entered in Sharp County, i.e., the prohibition to prescribe schedule controlled substances and the forfeiture of the DEA permit remained in effect. However, in February 2012, the Board became aware that McCormick prescribed a schedule controlled substance in apparent violation of the October 19, 2010, Order of the Board. Therefore, the Board issued a new, additional Emergency Order of Suspension on February 14, 2012. In that Emergency Order, the Board alleged that McCormick had violated the unstayed provision in the October 19, 2010, order prohibiting the prescribing of schedule medication under the DEA permit. Specifically, the Board alleged that McCormick had violated this prohibition on January 10, 2012, by prescribing schedule 5 medication utilizing her forfeited DEA permit. The Emergency Order suspended her license to practice medicine and set a disciplinary hearing.
While the new Emergency Order suspension proceeding was progressing before the Board, the appeal in Sharp County came to a conclusion. On July 31, 2012, the Sharp County Circuit Court, on review of the Board's Order of October 19, 2010, entered its order. The Circuit Court divided *781 its order into two areas: The first area concerned the allegations set forth in the original May 4, 2010, Emergency Order, and the second area concerned the allegations set forth in the First and Second Amendments. The circuit court affirmed the Board's findings as they related to the original Emergency Order of Suspension issued on May 4, 2010. However, the Sharp County Circuit Court found that McCormick was not given sufficient time to prepare a defense between the September 13, 2010, First Amendment and September 28, 2010, Second Amendment and the October 8, 2010 hearing. Therefore, the Sharp County Circuit Court remanded the matter to the Board for another hearing to address the allegations contained in the First Amendment of September 13, 2010, and the Second Amendment of September 28, 2010, which included the allegation involving McCormick's violation of the Consent Order by continuing to prescribe schedule 2 medication.[6]
At this point, the Board had three alleged violations on its agenda regarding McCormick: The remanded First Amendment of September 13, 2010, the remanded Second Amendment of September 28, 2010, and the new Emergency Order of Suspension of February 14, 2012. The Board combined all three of these alleged violations into one hearing and these matters were set for October 5, 2012, and McCormick was properly notified.
The hearing was held as scheduled on October 5, 2012. Prior to the hearing, McCormick contacted Peggy Cryer, the executive secretary for the Arkansas State Medical Board. McCormick advised Cryer that she (McCormick) was not going to appear at the hearing, but she requested that Cryer submit four exhibits on her behalf. McCormick later emailed these four exhibits to Cryer. At the beginning of the hearing, Cryer testified and introduced several pertinent documents related to the alleged violations. Cryer then informed the Board of McCormick's instructions and submitted the four exhibits as requested. The four exhibits generally included a motion for a continuance, an answer to the allegations against her, a motion to disqualify any member of the Board who had previously participated in a hearing against her, and a motion to disqualify the Board's attorney, William Trice. These exhibits were accepted by the Board. During Cryer's testimony, the Board temporarily closed the record and voted on McCormick's Motion for Continuance, Motion to Disqualify William Trice, and Motion to Disqualify the Chairman and other Board Members. These motions were denied.
Jim Myatt, a pharmacist investigator, testified that he examined prescriptions written by McCormick on July 14, 2010. Myatt testified that, according to the records, on that date McCormick twice prescribed a schedule 2 medication in violation of the June 3, 2010, consent order. Pharmacist Scott Bryant testified that he received a prescription written by McCormick on January 10, 2012, where she had prescribed a schedule 5 medication using her DEA permit.
The Board entered two orders on October 17, 2012. One order pertained to the remanded violations set forth in the First Amendment of September 13, 2010, and the Second Amendment of September 28, 2010, and the second order pertained to the new Emergency Order of Suspension dated February 14, 2012. In each order, the Board found that McCormick had violated Ark. Code Ann. § 17-95-409(a)(2)(Q)
*782 (Repl. 2010), which provides that the Board may revoke a license for violating an order of the Board. In the first order, the Board found that McCormick violated the June 3, 2010, consent order by twice prescribing schedule 2 medications, and as a result of the violation it revoked her license to practice medicine. In the second order, the Board found that McCormick violated the Board's October 19, 2010, order prohibiting her from prescribing schedule medications using her DEA permit, and as a result of the violation it revoked her license to practice medicine. In each of these orders, the Board stated that McCormick's motion to disqualify William Trice, attorney for the Board, was denied.
McCormick timely appealed the Board's October 17, 2012, orders to the Baxter County Circuit Court. Both parties filed briefs to the circuit court. In McCormick's brief, she argued that the Board's findings were not supported by substantial evidence and that its actions were arbitrary and capricious. McCormick also argued that Board counsel William Trice's role of acting as prosecutor was a constitutional violation. The parties agreed to waive a hearing, and the matter was presented to the circuit court on the record and the briefs.
On January 6, 2017, the Baxter County Circuit Court entered an order affirming both of the Board's October 17, 2012 orders. In that order, the circuit court ruled that all matters that were raised or could have been raised in the previous Sharp County proceeding, except those that were remanded, were res judicata and beyond the scope of the court's review. The circuit court thus limited its rulings to the matters before the Board at the October 5, 2012 hearing. The circuit court further found that, although McCormick raised a constitutional due-process issue below, she failed to follow through with it by refusing to appear and participate at the October 5, 2012, hearing, and therefore she waived the claim. After reviewing the record, the circuit court found that the action of the Board in applying its regulations and revoking McCormick's license to practice medicine was supported by substantial evidence and was not arbitrary and capricious. Therefore, the Baxter County Circuit Court affirmed the Board's orders.
The Current Appeal to the Court of Appeals
In this appeal from Baxter County Circuit Court, McCormick first argues that the court erred in finding that issues resolved in the previous Sharp County proceedings, except those that had been remanded, were res judicata and beyond the scope of the Baxter County Circuit Court's review. McCormick contends that this was error because the affirmative defense of res judicata was not raised by the Board below, and also because there has not been a final order entered in the Sharp County Circuit Court proceedings. See Oldenberg v. Ark. State Med. Bd. , 2013 Ark. App. 599 (where we dismissed the appeal from the Sharp County Circuit Court's order because the order being appealed was not final).
We agree with the Baxter County Circuit Court's conclusion that the matters to be decided by the Board and the Baxter County Circuit Court in these proceedings did not include those same matters that had been decided by the Sharp County Circuit Court. In the Sharp County proceedings, the circuit court affirmed part of the violations but remanded other violations to the Board. The Sharp County Circuit Court affirmed the Board's finding of the violations set forth in the original May 4, 2010, Emergency Order. However, the Sharp County Circuit Court *783 remanded the allegations of violations of the First Amendment of September 13, 2010, and the Second Amendment of September 28, 2010.[7] The issues to be decided in these proceedings in Baxter County were whether McCormick violated the June 3, 2010, consent order as set forth in the First Amendment of September 13, 2010, and the Second Amendment of September 28, 2010; and, whether she violated the provision in the October 19, 2010, order prohibiting her from prescribing schedule medication under her DEA permit as set forth in the new February 14, 2012, Emergency Order. These issues were decided in these proceedings by the Board pursuant to a hearing held on October 5, 2012, after which the Board found that McCormick had violated both of the above orders by continuing to prescribe medication, and the Baxter County Circuit Court affirmed those findings.
In McCormick's notice of appeal to our court from the Baxter County Circuit Court's decision, she did not designate the October 8, 2010, hearing or the order dated October 19, 2010, emanating therefrom; she only designated the October 5, 2012 hearing. Moreover, in this appeal McCormick does not challenge the previous findings by the Sharp County Circuit Court that she had violated multiple regulations as alleged in the May 4, 2010, order. Therefore, not only were the previous matters that were settled in Sharp County Circuit Court (i.e., the original May 4, 2010, Emergency Order) not before the Baxter County Circuit Court, they are not before our court in this appeal. For this reason, we find it unnecessary to address the res judicata aspect of the Baxter County Circuit Court's decision that McCormick now challenges.
McCormick's second and third points are interrelated. Under her second point, she argues that the circuit court erred in concluding that, by not appearing at the hearing before the Board on October 5, 2012, she waived her claim that there was a conflict of interest and constitutional violation with regard to counsel for the Board also acting as prosecutor in these proceedings (which is her third point). McCormick asserts that, although she did not personally appear at the hearing before the Board, she filed a motion and an answer, which were introduced at the hearing, wherein she argued that the attorney's participation was a conflict of interest as well as a constitutional violation. She submits that this was sufficient to raise the issue to the Board.
In support of her argument that counsel for the Board, William Trice, violated her due-process rights by serving as prosecutor in these proceedings, McCormick asserts that Trice had impermissible ex parte communications with the hearing officers and directly advised the hearing officers on matters relating to the hearing process. McCormick cites cases from other jurisdictions as precedent that ex parte communications about the substance of a case between the attorney who represents an agency at an adversarial hearing and the agency decision maker are prohibited. See, e.g. , Lawrence v. N. Dakota Workers' Comp. Bureau , 608 N.W.2d 254 (N.D. 2000). McCormick also contends that the *784 ex parte communications in this case violated the Arkansas Administrative Procedure Act under Ark. Code Ann. § 25-15-209(a) (Repl. 2014), which prohibits agency decision makers from engaging in ex parte communications with a party's representative. McCormick argues that, under the circumstances presented, she was denied a fair hearing with impartial adjudicators.
In the Baxter County Circuit Court's order, it concluded that, although McCormick raised this issue to the Board, she failed to follow through with it by refusing to appear at the hearing, and was therefore deemed to have waived her due-process argument. We agree with the circuit court that McCormick raised the issue below by filing a written answer and a motion to disqualify Trice, which were introduced at the hearing before the Board, wherein she alleged that Trice had conflicting duties and had engaged in prohibited ex parte communications. We, however, do not agree that McCormick's failure to participate in the hearing constituted a waiver of the issue; instead, we hold that McCormick failed to sufficiently develop her argument or elicit any proof to support it. By failing to appear before the Board and participate in the hearing, McCormick was left with only unsubstantiated allegations in her written answer and motion. She neither produced nor elicited any evidence to support her claims. McCormick's pleadings are not a substitute for proof, see S. Farmers Ass'n v. Wyatt , 234 Ark. 649, 353 S.W.2d 531 (1962), and her pleadings contained only speculative and conclusory allegations.
In this case, McCormick did not attend the hearing, did not retain counsel, and her only participation was to file an answer, a motion to disqualify the entire Board, and a motion to disqualify the Board's counsel. McCormick presented no evidence to support her due-process claim and failed to develop her claim before the Board. Based on the record before this court, we cannot say that McCormick was denied a fair hearing or was denied due process.
McCormick's remaining argument is that the Board's initial emergency order of suspension filed on May 4, 2010, failed to meet minimum statutory requirements because there was no substantive finding in the order that immediate action was necessary to protect the public health, safety, or welfare. She argues that the Chronic Intractable Treatment Act, codified at Ark. Code Ann. §§ 17-95-701 et seq. (Repl. 2010), expressly limits the power of the Board to circumvent the Pain Management Review Committee process in matters relating to allegations of improper prescribing of dangerous or controlled drugs.
We reject McCormick's final argument for two reasons. First, McCormick was previously found by the Board to have violated multiple regulations as set forth in the allegations contained in the May 4, 2010, Emergency Order, as affirmed by the Sharp County Circuit Court, and she has not appealed from those proceedings. Therefore, she cannot now claim a statutory deficiency with respect to the May 4, 2010 order. Moreover, the Board's May 4, 2010, order contains detailed explanations of how McCormick violated the Board's regulations with respect to more than thirty of her patients, and provides in pertinent part:
Pursuant to the Administrative Procedure Act, ACA § 25-15-211(c), and upon an affirmative vote of the majority of the Arkansas State Medical Board, the Board finds that the acts of Denise Oldenberg [now McCormick], MD, described hereinabove, present a danger to the public health, safety and welfare , and therefore the license to practice *785 medicine in the State of Arkansas of Denise Oldenberg [now McCormick], M.D., is suspended on an emergency basis pending a disciplinary hearing in this matter or further Orders of the Board.
(Emphasis added.) Even had this argument been properly before us in this appeal, it is evident to this court that the statutory requirements were met in this case.
Affirmed.
Gladwin and Glover, JJ., agree.

At that time, the appellant's name was Denise Oldenberg. It is now Denise Oldenberg McCormick. We refer to her throughout this opinion as McCormick.

The record is unclear how the Board became aware of the July 10 and 14, 2010, prescriptions.

The disciplinary hearing for the May 4, 2010, Emergency Order had not yet taken place. Therefore, this alleged violation of July 10, 2010, was denominated as the First Amendment to the May 4, 2010, Emergency Order.

The disciplinary hearing for the May 4, 2010, Emergency Order had not yet taken place. Therefore, this alleged violation of July 14, 2010, was denominated as the Second Amendment to the May 4, 2010, Emergency Order.

A finding that McCormick violated the First and Second Amendment would, in effect, equate to a finding that McCormick violated the June 3, 2010, Consent Order.

McCormick appealed the Sharp County Circuit Court's decision to the court of appeals, but we dismissed the appeal for lack of a final, appealable order. See Oldenberg v. Ark. State Med. Bd. , 2013 Ark. App. 599, 2013 WL 5745125.

While the appellant appealed the decision of the Sharp County Circuit Court regarding the violations set forth in the May 4, 2010, Emergency Order to the Court of Appeals, that appeal was dismissed for a lack of finality. See Oldenberg v. Ark. State Med. Bd. , 2013 Ark. App. 599. The allegations and violations set forth in the May 4, 2010, Emergency Order were not remanded to the Board and were not part of the October 5, 2012, disciplinary hearing before the Board. Therefore, the allegations and violations set forth in the May 4, 2010, Emergency Order were not under review by the Baxter County Circuit Court.